Chancellor J. Johnston
delivered the opinion of the court.
On the 17th of May, 1825, George Perman and Edward Bacon, then trading under the partnership style of George Perman & Co., executed a bond to Adam Tunno, for securitig a debt due by Perman, individually, 1o said Tunno. ■
The bond was not signed in the copartnership name, but by the obligor», each in his ov/n name.
It is material to remark the iorrn of the bond, as well as its con- *185 «¡deration, and the mode of its execution. In the body of the iu-strument, the obligors say : “ We, George Perman and Edward Bacon, now trading under the firm of George Perman & Go., are held and bound to Adam Tunno, in the sum of five thousand five hundred and sixty dollars ; for payment whereof, we bind ourselves, and each and every of our heir's, executors, administrators,jointly and severally.’’
Afterwards, George Perman died, intestate, the bond remaining' unpaid ; and his widow, Isabella Perman, administered to him.
The widow and Bacon instituted a new partnership, under the!, style ot Perman and Bacon ; under which they carried on business for some time; but, at length, failed, and assigned the effects of that firm to Smith and Beiry.
At George Permau’s death he held a claim on one Saltus, of Beaufort; on which the administratrix sued ; which suit resulted in a decree in her favor ; and the money was paid into the hands of Mr. Grayson, the officer of the court, where the decree was obtained.
Out of the money thus recovered by the administratrix of Georgé Perman, from Saltus, Mr. Giayson paid over a certain sum to Tunno ; who applied it to the bond of the 17th of May, 1825j which he held on George Perman and Edward Bacon — Tunno-then died.
Under these circumstances, this suit was instituted ; which is a bill filed by the administratrix of George Perman, joining the as. signees of Perman and Bacon, against Mr. Grayson and the exe. cutors of Tunno; Bacon is no party.
The bill alleges, that the firm of Perman and Bacon, under the. hope and expectation of being reimbursed from demands owing to the estate of George Perman, and looking especially to the claim against Saltus, loaned large sums ro the administratrix of Perman, to enable her to pay the debts of her intestate ; and that she has paid several debts oí a higher rank than specialities.
The plaintiffs further allege, that although the administratrix; consented that Tunno should draw the money from Grayson that consent was induced by Yunno’s representing to her that the bond which he held, was was one which bound her intestate individually; But that coming to more correct information, that it was a bond on the firm of George Perman & Co., she declined giving Tunno an order on Grayson, for the money. That, nevertheless, Tunno ■ivem on to require, and Grayson to pay, it.
The object of the bill w>as to compel Tunno to refund what hd *186 had thns received out of the private estate of Geergc Forman, to be applied to the private debts of said Perman, (and among they rest, to the claim of Perman and Bacon, — and through them to their assignees, for advances;) and to throw Tunno upon the partnership assets of George Perman & Co., for. payment of his: bond.
At the hearing,-on the circuit, (May term, 1834,) the judgment of the court was, that although the bond, held by Tunno, might be' binding on the firm of George Perman & Co., it was, also, by its express terms, binding on the obligors who signed it, severally,- as Well as jointly. That, therefore, it constituted a good demand against, and was well payable out of,.the private estate of George Perman. ThatTunno had a right to retain what he had received as against the administratrix, and her creditors, (in which light, and not as creditor of her intestate, it regarded Perman and Bacon,-and their assignees;) unless in due course of administration, the assets would not have reached him; in which case, it was, by consent, adjudged that he should refund so much, as by due administration,-, he should not have received. And it was referred to the commis. sioner to take and state an account of the assets, debts, and administration of George Perman’s estate, for the purpose of ascertaining wlietherTunno had received an undue proportion of the-assets, or, in other words, whether the administratrix, by excessive advances, was a creditor of the estate. The court reserved the power of making a further order, suitable to the circumstances, until the coming in of the report.
From this decree the plaintiffs appeal..
The court is of opinion that the appeal is not' well founded.-
Nothing can be plainer, than that the bond, whether binding oir the- firm of George Perman & Co. or not, is, by its very terms, binding.on the obligors, severally. If so, it presents a fair claim against the assets of George Perman. In this view, what more can the administratrix, or her creditors, ask, than that Tunno should refund so much, as, in due course of administration, lie-should not have received ? Yet this is the purport of the decree of which they complain.
If the bond is binding, not only on the obligors, individually, but also on the firm of which they were members-, where is the necessity for depriving Tunno of payment from Perman’s estate,, and compelling him to resort to the partnership assets 7 If the; consideration of the bond was received by the firm, and not by Per man alone, so as to give his estate an equitable right to call on *187 ¡the partnership assets to indemnify it for paying a debt which the partnership ought, in conscience, to have-.discharged ; what hinders the administratrix to go against the firm for indemnity 1 She requires Tunno to do for her what she has equal power to do for herself.
J. H. Smith, for motion.

Petigev, contra.

Filed 14th March, 1837.
if, on the other hand,'the consideration of the bond went to the benefit of Perman, individually, as 'appears to have been the fact, then to require the firm to pay, in the first instance, would amount to nothing more nor less, than requiring a- surety to pay the debt of his principal. Would not the firm have a right to claim reimbursement, out of the assets of Perman 1 - And what difference would there be, to the estate of Perman, between allowing the creditor to be paid directly out of his estate, or allowing him to be paid by the firm, and then allowing the firm to be repaid out of that estate ?
The motion is dismissed.
Of course, this decree extends no further, than to sustain the de. cisión appealed from. The circuit court is open for the orders proper to be made upon the commissioner’s report.
J. JOHNSTON.
We concur,
WH. HARPER,
H. W. DESAUSSURE.